**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| VIOLA RUSSELL, | * |
| Plaintiff, | * |
| v. | Civil Case No.: PWG-13-2756 |
| RUSSEL MOTOR CARS INC., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Viola Russell, acting *pro se*, alleges claims for Title VII hostile work environment and retaliation, negligent hiring, supervision, and retention, and intentional infliction of emotional distress against her former employer, an auto dealership, and her supervisors arising out of a protracted pattern of sexual harassment. Defendants have moved to dismiss on the grounds that the Title VII claims brought by Plaintiff cannot be brought against individual defendants and that Title VII violations cannot give rise to negligent hiring, supervision, or retention liability. I agree and grant the motions to dismiss all Title VII claims as against the individual Defendants. However, because I find that Plaintiff has stated a valid claim for intentional infliction of emotional distress against the alleged primary harasser, I deny his motion to dismiss, in part.[1]

---

[1] This Memorandum Opinion disposes of: (1) Defendant Dwayne Butler's Motion to Dismiss, ECF No. 7, and accompanying Memorandum, ECF No. 7-1; Plaintiff Viola Russell's Opposition, ECF No. 22; and Butler's Reply, ECF No. 24; (2) Motion to Dismiss of Defendants Melinda Herd, Greg J. Ryland, and Russel Motor Cars, Inc., ECF No. 20, and Plaintiff's Opposition, ECF No. 28; (3) Butler's Motion for Rule 11 Sanctions, ECF No. 25, and accompanying Memorandum, ECF No. 5-1; Plaintiff's Opposition, ECF No. 27; and Butler's Reply, ECF No. 29; and (4) Plaintiff's Motion for Leave of Court to File a Sur-Reply in

## I. BACKGROUND

For purposes of considering Defendants' motions, this Court accepts the facts that Plaintiff alleged in her *pro se* Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Further, "[t]his Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim." *Harmon v. LaManna*, No. 6:06-1143-GRA-WMC, 2007 WL 781651, at *1 (D.S.C. Mar. 13, 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)).

Plaintiff Viola Russell, a former employee of Defendant Russel Motor Cars Inc. ("Motor Cars"), alleges that she was subjected to a hostile work environment as a result of a protracted series of sexually explicit and otherwise inappropriate and harassing comments and behavior by Defendant Dwayne Butler, who was a General Sales Manager for Motor Cars. Compl., ECF No. 1. According to Plaintiff, Butler's behavior began at her job interview on November 20, 2012, when Butler "'insisted'" that she remove her coat "'[i]f you want this job,'" and then insulted her suit. Compl. 2. Also at that interview, Butler asked if Russell was married and, upon learning that she was not, told her, "'Good, because I do not like to hire women with husbands, I hate seeing them making a lot of money for their man to take.'" *Id.*

While working at Motor Cars, Russell alleges a number of inappropriate comments made by Butler. In February of 2013, Butler called Russell into his office and asked her "'If [she had] always been built this way'" clarifying that he was "'talking about [her] breast and [her] ass.'"

---

Response to Dwayne Butler's Affidavit Filed 2/27/2014, ECF No. 31, and Butler's Opposition, ECF No. 32.

*Id*.  At a meeting a few days later, Butler made a comment about the size of his genitals.  *Id*. Butler did not refer to female co-workers by their name, but called them "sweetie, baby, darling, sunshine, gorgeous, etc."  *Id*. at 3.  Russell also alleges that Butler "told me and most of the women he interviewed after I was hired that 'He is our Daddy, and we all BELONG to him.'" *Id*. at 2.  Butler threatened to have Russell fired if she reported Butler to Defendant Gregg Ryland, the general manager of Motor Cars.  *Id*. at 2.  According to Russell, Ryland observed and was aware of Butler's behavior and did not take any action in response.  *Id*. at 3.

In March 2013, Russell alleges that a co-worker told her that Butler "said negative thing[s] about me (I will elaborate if needed).  He actually slandered my name and defamed my character."  *Id*.  Russell also alleges that Butler falsely accused her of having an affair with another Motor Cars employee, but it is not clear whether anybody besides Russell heard the accusation.  *Id*. at 5.  Russell discussed Butler's conduct with him and alleges that her compensation was changed shortly thereafter, retroactive to the beginning of February.  *Id*. at 2.

On March 22, 2013, Russell attempted to discuss Butler's behavior with Motor Cars' management, but was rebuffed.  *Id*. at 4.  The next day, another Motor Cars employee, May Fariss, came into Russell's office and told her not to speak to anybody about Butler's behavior because Butler had learned that Russell reported him and was angry.  *Id*.  On Tuesday, March 26, 2013, Butler called Russell into his office and confronted her about her attempts to speak to management about his conduct.  *Id*.  It is not entirely clear, but the Complaint seems to allege that Ryland was present in Butler's office and, shortly after Russell arrived, Butler made a joke about oral sex.  *Id*. at 5.

As a result of Butler's behavior, Russell alleges:

3

> I was left feeling offended, exasperated, hassled, threat[e]ned, intimidated, upset, angry, belittled, sick, exhausted, annoyed, withdrawn, tired most of the time, stressed, and constant headaches. I also began to suffer from depression, lost 10 pounds because I could not eat, nor get a good night sleep for months, so I went to see my doctor, (Debra Apperson) who again suggested that I speak to Personnel, and Dr. Deshay who prescribed me Lorazepam. My home life was shattered because I came home upset and tensed every night. All I did was fret about the situation. My daughter was in the 12th grade, and between the prom and graduation, I could not afford to quit, so I had to endure the pain of it all. I finally resigned the day she graduated from school . . . .

*Id.* at 6. It does not appear that the reduction in Russell's salary ever was addressed. *See* Compl.

Sometime before May 21, 2013, Russell filed a claim in the Equal Employment Opportunity Commission ("EEOC"), Letter from EEOC (May 21, 2013), Compl. Ex., ECF No. 1-1. On June 25, 2013, the EEOC sent Russell a notice stating that it was unable to conclude that she had established statutory violations and informing her of her right to sue. EEOC Dismissal and Notice of Suit Rights, Compl. Ex., ECF No. 1-1. On September 18, 2013, Russell filed her complaint in this Court against Motor Cars as well as Butler, Herd, and Ryland (collectively, the "Individual Defendants"). Compl. The Complaint purports to state two counts, one for "sexual harassment" and one for "negligent hiring, supervision and retention," but it also contains myriad factual allegations, some of which appear to suggest alternative claims, some of which seem to be important to Russell, but do not appear to relate to any legally cognizable cause of action. Compl.

On November 25, 2013, Defendant Butler filed a Motion to Dismiss ("Butler's Mot. to Dismiss"), ECF No. 7, and accompanying Memorandum ("Butler Dismiss Mem."), ECF No. 7-1. Russell filed an Opposition ("Pl.'s Butler Opp'n"), ECF No. 22, and Butler replied ("Butler Dismiss Reply"), ECF No. 24. On December 27, Defendants Motor Cars, Ryland, and Herd also

filed a Motion to Dismiss ("Defs.' Mot. to Dismiss"), ECF No. 20. Plaintiff filed an Opposition ("Pl.'s Dismiss Opp'n"), ECF No. 28, and Defendants replied, ECF No. 29.

In addition, on January 22, 2014, Butler filed a Motion for Rule 11 Sanctions ("Butler's Rule 11 Mot."), ECF No. 25. Although I did not order Russell to respond, *see* Loc. R. 105.8(b), she has filed an Opposition ("Pl.'s Rule 11 Opp'n"), ECF No. 25, and Butler replied ("Butler Rule 11 Reply"), ECF No. 29. Russell also has sought leave to file a surreply, Pl.'s Mot. for Leave to file Surreply, ECF No. 31, which Butler has opposed, ECF No. 32.

In addition to responding to the motions to dismiss, Russell has attempted to make additional factual allegations not included in her complaint. In Plaintiff's Opposition memorandum to Butler's motion, Russell once again claims that Butler has engaged in "defamation of character, slander to other employees about me." Pl.'s Butler Opp'n ¶ 3. She claims that on one occasion—possibly the March 23, 2013 meeting described in the Complaint—Butler called Russell into his office to discuss her complaints of harassment, shut the door, and would not allow her to leave his office despite her attempts to do so. *Id.* ¶ 5.1. And Russell expressly states "[Butler's] actions caused intentional infliction of Emotional Distress." *Id.* ¶ 6.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This Rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when

considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing the standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

That said, "'factual allegations must be enough to raise a right to relief above a speculative level.'" *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545). Particularly, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Additionally, a plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.").

Plaintiff is proceeding *pro se* and her complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

### III. DISCUSSION

#### A. Title VII Claims

Plaintiff's sexual harassment and retaliation claims arise under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. All Defendants have moved to dismiss these claims on the ground that they cannot be asserted against Butler, Herd, or Ryland in their individual capacities. *See* Butler Mot. Dismiss Mem. 1, ECF No. 7-1; Defs.' Mot. to Dismiss 4. Here, Defendants are correct that "the settled law of the Fourth Circuit, beginning with the case of *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir. 1994), has long rejected individual liability under . . . federal EEO laws." *Moody v. Arc of Howard Cnty., Inc.*, No. JKB-09-3228, 2011 WL 2671385, at *4 (D. Md. July 7, 2011); *see also Lissau v. S. Food Serv. Inc.*, 159 F.3d 177, 180 (4th Cir. 1998).

In response, Russell cites language from a secondary source confirming that "most lower federal courts have ruled that Title VII does not impose liability on such individuals," Pl.'s Butler Opp'n 1–2 (quoting 61 Am. Jur. Trials 489), and a law review note advocating for a

recognition of individual liability under Title VII. Pl.'s Dismiss Opp'n 1–2 (quoting Kendra Samson, Note, *Does Title VII Allow for Liability Against Individual Defendants*, 84 Ky. L.J. 1303 (1996)). Neither of these sources displaces the rule adopted by the Fourth Circuit, and therefore it is apparent that Russell cannot maintain a suit against Butler, Herd, or Ryland under Title VII. Because they cannot be subject to individual liability, I need not address Defendants' exhaustion argument here. *See* Butler Dismiss Mem. 3–4 (arguing that Russell has not exhausted against Butler because he was not named in her EEOC charge); Defs.' Dismiss Mem. 6–7 (making the same argument with respect to Herd and Ryland). *But see Davis v. BBR Mgmt., LLC*, No. DKC-10-552, 2011 WL 337342, at *5 (D. Md. Jan. 31, 2011) ("A plaintiff's failure to name a defendant in an EEOC charge does not bar a subsequent suit if 'the purposes of the naming requirement were substantially met . . . .'"). With respect to Russell's Title VII claims against the Individual Defendants, the motions to dismiss will be granted.

However, Defendants have not argued that Motor Cars cannot be liable under Title VII or that it was not Russell's employer for the purposes of the statute. *See* Defs.' Mot. to Dismiss. To the contrary, Defendants acknowledge that "Plaintiff Viola Russell was employed by Russel Motor Cars, Inc." Defs.' Dismiss Mem. 5. And although there is some question as to whether Russell properly presented any claims against the Individual Defendants to the EEOC, it is apparent that she did so with respect to Motor Cars, *see* Letter from EEOC, and Motor Cars does not argue otherwise. Accordingly, Defendants' Motion to Dismiss will be denied with respect to Motor Cars.

### B. Negligent Hiring, Supervision, and Retention

Defendants also argue that Russell has failed to state a claim for negligent hiring, supervision, or retention on the grounds that Title VII violations cannot give rise to such a claim.

*See* Butler Dismiss Mem. 4–5; Defs.' Dismiss Mem. 7–8. Plaintiff responds with a litany of factual allegations that show that Herd and Ryland at least were aware of Butler's harassing behavior before and during his employment at Motor Cars, if not complicit in his actions. *See* Pl.'s Butler Opp'n ¶¶ 3–11.1; Pl.'s Dismiss Opp'n ¶¶ 13–22.

However, "[i]t is well established that Title VII violations do not qualify as tortious conduct for the purposes of claims of negligent hiring, training, retention, or supervision, because these claims must be based on common law injuries." *Brown v. The Marjack Co., Inc.*, No. AW-08-168, 2010 WL 419389, at *6 (D. Md. Jan. 29, 2010). And it does not appear that Butler could be held liable for negligently hiring or supervising himself in any event. Accordingly, Russell's negligent hiring, supervision, and retention claims must be dismissed.

### C. Other Claims

Although Plaintiff expressly enumerates only counts for Title VII violations and negligent hiring, supervision, or retention, the liberal pleading requirements of Fed. R. Civ. P. 8 and the additional consideration given to unrepresented litigants mean that "[d]ismissal of a pro se complaint . . . for failure to state a valid claim is [] only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F. App'x 254, 259–60 (4th Cir. 2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). Under this standard, although Russell has enumerated only counts for Title VII violations and negligent hiring, supervision, or retention, a review of the factual allegations of the Complaint and Russell's written submissions show that she has purported to plead claims against Butler for intentional infliction of emotional distress ("IIED") and defamation. *See* Compl.; *see also* Pl.'s Butler Opp'n ¶ 6.

First, the factual allegations contained in Russell's Complaint can be construed to make out a claim for IIED, and her Opposition to Butler's Motion to Dismiss makes it clear that she intended to do so. Pl.'s Butler Opp'n ¶ 6. Under Maryland law, the elements of IIED are "'(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; [and] (4) The emotional distress must be severe.'" *Lasater v. Guttmann*, 5 A.3d 79, 89 (Md. Ct. Spec. App. 2010) (quoting *Harris v. Jones*, 280 A.2d 611 (Md. 1977)) (emendation in original). An action for IIED may lie only where the defendant's conduct "'has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Harris*, 380 A.2d at 567. But here, Russell alleges that Butler knowingly and intentionally engaged in a persistent course of offensive, sexist, and dehumanizing behavior and made continuous crude sexual comments that a jury could find go beyond what is tolerable in a civilized community—and particularly in a civilized workplace. *See* Compl. And Russell also has alleged that this conduct led to severe emotional distress and clinical depression that required treatment with medication. Compl. 6. Therefore, she has satisfied the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2006), and has pleaded adequate factual matter to support an IIED claim. However, Butler can be excused for not responding to Plaintiff's IIED count, as it was not expressly listed as a separate count, and therefore he will be given the opportunity to plead to this IIED claim or, if he so wishes, to seek its dismissal within twenty-one days of this Memorandum Opinion and the accompanying Order.

Russell also has stated that she has a claim for defamation but repeatedly has declined to state the facts giving rise to such a claim. *See* Compl. 3 (stating that Russell "will elaborate if

needed"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2006)). Having declined to allege the facts underlying her perceived defamation claim, Russell has failed to meet her burden under *Iqbal* and *Twombly* with respect to any defamation claim.

Finally, Russell's Complaint now has survived motions to dismiss and, although the Individual Defendants cannot be held liable for violations of Title VII, Russell's briefing suggests that she may be able to bring "'garden variety' tort claims against these individuals," 61 Am. Jur. Trials 489 § 1, and she appears already to have done so with respect to one claim against Butler. Although Russell has, for a layperson, done an impressive job of marshalling legal sources and attempting to present her case to the Court, it appears that she may lack the legal training and expertise to allow her to discern what causes of action she can make out and how her case can be presented clearly to the Court. And I note that Russell is proceeding in forma pauperis. *See* Order, ECF No. 3. Accordingly, I believe that it is appropriate to appoint counsel to represent Russell in this case, and I will order that counsel be appointed as soon as is practicable. Once an attorney is appointed to represent Russell, Russell may file a motion seeking leave to amend her Complaint if a good faith basis exists for doing so.

### D. Butler's Rule 11 Motion

Finally, Butler not only asks me to dismiss all claims against him, but to sanction Russell—an unrepresented litigant—pursuant to Fed. R. Civ. P. 11. According to Butler, Russell violated her obligations under Rule 11 by seeking to sue Butler as an individual under Title VII, Butler Rule 11 Mot. ¶ 7, seeking to sue Butler despite failing to name him in a charge filed with the EEOC, *id.* ¶ 8, and listing him as a defendant in her claim for negligent hiring, supervision,

and retention, *id.* ¶ 10. Although not required to respond unless ordered by the Court, Russell has responded by attaching sources that she appears to claim justify her belief that she had a good-faith basis for initiating this suit. Pl.'s Rule 11 Opp'n.

Though Rule 11 expressly applies to unrepresented litigants, "the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Fed. R. Civ. P. 11 advisory committee's note. For example, it does not appear from the Complaint that Russell necessarily intended to bring a negligent hiring, supervision, or retention claim against Butler himself, but against Herd and Ryland, based on their alleged knowledge of Butler's conduct. *See* Compl. 5–7. The fact that her pleading was not as precise as Butler would have liked is not sufficient to warrant sanctions under Rule 11.

Moreover, with respect to Russell's Title VII claims, Butler's argument in favor of a Rule 11 sanction simply is wrong. Butler fixates on the fact that "Plaintiff concedes that 'Title VII does not impose liability on such individuals,'" Butler Rule 11 Mem. 6, but he ignores that in so conceding, Russell also attached a law review note—albeit one from nearly twenty years ago—that argues that Title VII *should* be read to allow for individual liability. This is a far cry from the facts in *Moody v. Arc of Howard County, Inc.*, in which an attorney (not an unrepresented party) simply ignored existing Fourth Circuit law and failed to research the relevant case law in trying to argue that Title VII extends to individuals. No. JKB-09-3228, 2011 WL 2671385, at *4–5 (D. Md. July 7, 2011). Rather, it appears to me that Russell is making "a nonfrivolous argument for extending, modifying, or reversing existing law," as expressly is permitted by Fed. R. Civ. P. 11(b)(2). Accordingly, sanctions simply are not warranted here. And because there are circumstances in which a defendant may be liable under Title VII even if he was not

expressly named in an EEOC charge, *see Davis v. BBR Mgmt., LLC*, No. DKC-10-552, 2011 WL 337342, at *5 (D. Md. Jan. 31, 2011), that also fails to justify imposing sanctions against Russell.

Finally, Butler's Rule 11 motion—and the letter he sent to Plaintiff when serving the motion as required by Fed. R. Civ. P. 11(c)(2)—indicate that his insistence on sanctions rests on an incorrect assumption: that Russell improperly and unjustifiably has drawn him into "a frivolous lawsuit . . . which lacks both a legal and a factual basis, is not warranted by existing law, and serves only to harass Mr. Butler in violation of Rule 11."  Butler's Rule 11 Mot. § 6; *see also* Rule 11 Letter 1, Butler's Rule 11 Mot. Ex. B, ECF No. 25-3 (demanding that Russell "dismiss all [her] claims against Butler in their entirety"); Butler's Rule 11 Reply ("Because of Plaintiff's frivolous Complaint, Mr. Butler was forced to incur more than $4,379.00 in attorney's fees to defend himself.").  However, as discussed above, Russell appears to have stated a valid claim against Butler for IIED, at the very least, and may be able to allege additional torts against him.  Accordingly, even though he has succeeded in getting Russell's Title VII claim dismissed with respect to him, Butler cannot reasonably claim that he was forced to retain counsel and defend this suit solely because of frivolous claims brought by Russell.  Though her Complaint may have lacked the precision of an attorney learned in the law, Russell's ability to allege an IIED claim, if nothing else, demonstrates that she had a good-faith basis for naming Butler as a defendant in this case.  Accordingly, Butler's Rule 11 motion will be denied.

Russell also has sought to file a surreply in opposition to sanctions under Rule 11.  Because Butler's Rule 11 Motion has been resolved in Russell's favor, her motion to file a surreply now is moot and will be denied.

## IV. CONCLUSION

For the reasons stated above, Defendant Dwayne Butler's Motion to Dismiss will be GRANTED in part and DENIED in part; Defendants Russell Motor Cars, Inc., Melinda Herd, and Greg Ryland's motion to dismiss will be GRANTED in part and GRANTED with respect to Herd and Ryland, and otherwise DENIED; Butler's Motion for Sanctions will be DENIED; Plaintiff's Motion for Leave to file a Surreply will be DENIED as moot; Butler MAY FILE a pleading or motion responding to Plaintiff's IIED claim within twenty-one days; and Plaintiff WILL BE APPOINTED pro bono counsel.

A separate order shall issue.


Dated: June 18, 2014                                    /S/ _____
                                                    Paul W. Grimm
                                                    United States District Judge

dsy